# UNITED STATES DISTRICT COURT

for the

District of Columbia

WILLIAM MICHAEL WINDSOR,　　　　　　)

　　　　　　Plaintiff　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　)

Scott S. Harris and　　　　　　　　　　)

Rashonda Garner,　　　　　　　　　　　)

　　　　　　Defendants.　　　　　　　　)

　　　　　　　　　　　　　　　　　　　)

RECEIVED
Mail Room

DEC 2 9 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Case: 1:23-cv-03929 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 12/29/2023
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## AND ADDITIONAL CAUSES OF ACTION

## I.    THE PARTIES TO THIS COMPLAINT

### A.    The Plaintiff

William Michael Windsor ("WINDSOR") is a citizen of the United States and is

a resident of Lincoln County, South Dakota.

| | |
|---|---|
| Name: | William Michael Windsor |
| Address: | 5013 S. Louise Avenue #1134 |
| | Sioux Falls, South Dakota 57108 |
| County: | Lincoln |
| Telephone: | 352-661-8472 |
| Email: | windsorinsouthdakota@yahoo.com |

### B.    The Defendants

1

Scott S. Harris ("HARRIS") is a citizen of the United States, an employee of the federal government in Washington, DC, and a federal official. HARRIS is sued as an individual.

Name:         Scott S. Harris
Address:      Supreme Court of the United States
              Office of the Clerk
              Washington, DC 20543-0001
Telephone:    202-479-3025
Email:        pio@supremecourt.gov

Rashonda Garner ("GARNER") is a citizen of the United States, an employee of the federal government in Washington, DC, and a federal official. GARNER is sued as an individual.

Name:         Rashonda Garner
Address:      Supreme Court of the United States
              Office of the Clerk
              Washington, DC 20543-0001
Telephone:    202-479-3025
Email:        PMcCabe@supremecourt.gov

## II.    BASIS FOR JURISDICTION

### [X] Federal Officials (a Bivens Claim)

Constitutional rights the Plaintiff claims are being violated by federal officials (HARRIS and GARNER), including Denial of Due Process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

28 U.S.C. § 1391 (b) provides: "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…."

2

III.    STATEMENT OF CLAIM

A.    **Where did the events giving rise to your claims occur?**

The events took place at the Supreme Court building in Washington, DC and in Lincoln County South Dakota and Sumter County Florida.

B.    **What date and approximate time did the events giving rise to your claims occur?**

May 10, 2023; May 23, 2023; June 1, 2023; July 20, 2023; September 26, 2023; October 1, 2023; October 2, 2023; October 27, 2023; October 31, 2023; November 3, 2023; November 20, 2023; November 21, 2023; November 22, 2023; November 27, 2023; December 18, 2023, December 19, 2023; December 20, 2023, December 21, 2023.

C.    **What are the facts underlying your claims?**

1.    On May 10, 2023, William M. Windsor ("WINDSOR"), an individual, filed a Petition for a Writ of Mandamus and/or Prohibition and Motion for Leave to Proceed In Forma Pauperis. ("PETITION"). [EXHIBIT A – May 10, 2023.] This Filing was made in compliance with the United States Supreme Court's Rule 29 and in the manner required by the Rules, as shown on the Certificate of Service. [EXHIBIT B, Pages 51-52.] The appropriate number of copies were mailed to the Clerk, and a copy was sent to the Solicitor General and the attorney involved in the case.

3

2.      On May 10, 2023, the Docket of the United States Supreme Court shows: "Application (22A1009) to file petition for a writ of mandamus and/or prohibition in excess of page limits, submitted to Justice Thomas." [EXHIBIT A, May 10, 2023.]

3.      On May 23, 2023, Justice Clarence Thomas granted the Application (22A1009) "to file petition for a writ of mandamus and/or prohibition in excess of page limits.  The petition for a writ of mandamus and/or prohibition may not exceed 49 pages." [EXHIBIT A, May 23, 2023.]  It was filed.

4.      On June 1, 2023, the Waiver of the Right of Respondent United States to respond was filed. [EXHIBIT A, June 1, 2023.]

5.      On July 20, 2023, the PETITION was "DISTRIBUTED for Conference of 9/26/2023." [EXHIBIT A, July 20, 2023.]

6.      WINDSOR spoke by telephone with Jake in the United States Supreme Court Clerk's Office.  Jake explained that WINDSOR's PETITION would be considered by the nine Justices in a "Conference."

7.      The "Filing and Rules" section for the United States Supreme Court Clerk's Office explains:

> "The timing for placing petitions on a conference list and distributing them to the Justices is governed by Rule 15.5, which provides as follows: "The Clerk will distribute the · petition to the Court for its consideration upon receiving an express waiver of the right to file a brief in opposition, or, if no waiver or brief in opposition is filed, upon the expiration of the time allowed for filing. If a brief in opposition is timely filed, the Clerk will distribute the petition, brief in opposition, and any reply brief to the Court for its consideration no less than 14 days after the brief in opposition is filed, unless the petitioner expressly waives the 14-day waiting period."
> [https://www.supremecourt.gov/casedistribution/casedistributionschedule.aspx.]

8.    United States Supreme Court Clerk Scott S. HARRIS has explained Conference Scheduling in a memorandum. [https://www.supremecourt.gov/casehand/Guidance-on-Scheduling-2023.pdf.] [EXHIBIT K.]

9.    The Supreme Court Historical Society explains the Conference process. [https://supremecourthistory.org/how-the-court-works/the-justices-conference/.] [EXHIBIT C.]

10.    On September 26, 2023, the Docket of the United States Supreme Court indicates a Conference was held by the nine Justices in Case No. 22-7648. [EXHIBIT A, September 26, 2023.]

11.    On October 2, 2023, the United States Supreme Court's Docket shows "Petition DENIED." [EXHIBIT A, October 2, 2023.]

12.    On October 27, 2023, WINDSOR filed a Motion for Rehearing just to be safe. [EXHIBIT E.]  It was sent by USPS. [EXHIBITS F and G.]   This was 25 days after the Docket claims the Petition was denied, so it would have been timely if an order had been issued.

13.    On October 31, 2023, WINDSOR received a letter from Scott S. HARRIS dated October 2, 2023. [EXHIBIT D.]  The letter is not even signed; it's a stamp.  It bears no seal, and it is not signed by a Justice.  The letter does not qualify as an Order required after a Conference. And the time has not started to run on the filing of a motion for rehearing.

14.    On November 3, 2023, a letter was dated to WINDSOR by Rashonda GARNER for Scott S. HARRIS. [EXHIBIT H.]  The letter is not an order.  All copies of WINDSOR's Filing were returned. [EXHIBIT I.]  The original copy is stamped "RECEIVED OCT 30 2023 Office of the Clerk Supreme Court U.S." [EXHIBIT I.]

15.    On November 20, 2023, the letter dated November 3, 2023 was received by WINDSOR. [EXHIBIT J.]  The letter is not an order.

5

16.     On November 21, 2023, WINDSOR called Rashonda GARNER and left a detailed voicemail.

17.     On November 21, 2023, Rashonda GARNER left a voicemail saying she didn't understand WINDSOR's message. [EXHIBIT L.]

18.     On November 22, 2023, WINDSOR called Rashonda GARNER and left a detailed voicemail.

19.     On November 27, 2023, all of the mail dated November 3, 2023 regarding the Motion for Rehearing was sent certified mail return receipt to Rashonda GARNER. [EXHIBIT H and EXHIBIT J.]

20.     On November 27, 2023, WINDSOR submitted 11 copies of a "MOTION" to the United States Supreme Court.

21.     On December 18, 2023, WINDSOR received a return of all of his November 27, 2023 mailing in a box. [EXHIBIT S.]  This is all about WINDSOR's Petition regarding violations of his Constitutional rights.  USSC Case #22-7648 --
https://lawlessamerica.com/motion-for-compliance-with-rules-of-u-s-supreme-court-was-filed-by-bill-windsor/?fbclid=IwAR14vsRgJBVkismog3TBwe88_GxfP98RcmMOmyLcHUwyt5hVBh3V8s
LIENg.  This is the case chosen as one of the approximately 8,000 cases submitted in 2023 that the nine justices were actually to hear on September 26, 2023. https://lawlessamerica.com/74-year-old-disabled-man-with-use-of-only-one-finger-will-have-all-nine-u-s-supreme-court-justices-hear-his-pro-se-petition/?fbclid=IwAR1ExGhpVh0dTM8WRD_Bxr6cA_-NB2Hxg6I5adfB41Z7-FXc_zeQQl-MGQ4

22.     On December 19, 2023, WINDSOR called Rashonda GARNER and left a detailed voicemail. [EXHIBIT M.]

23.     On December 19, 2023, WINDSOR again called Rashonda GARNER and left a detailed voicemail. [EXHIBIT N.] [EXHIBIT O.]

24.     On December 20, 2023, WINDSOR called Rashonda GARNER yet again and left a detailed voicemail. [EXHIBIT P.]  The call was not returned.

25.     On December 20, 2023, the Docket of the United States Supreme Court in Case #22-7648 shows no entries after October 2, 2023. [EXHIBIT Q.]

26.     As of December 26, 2023, Rashonda GARNER still has not returned WINDSOR'S voicemails.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

27.     The PLAINTIFF has not filed other lawsuits in state or federal court that deal with the same facts involved in this action.

## IV.     ARGUMENTS – CLAIMS FOR RELIEF

## CLAIM FOR RELIEF #1 -- BIVENS CLAIM

28.     WINDSOR's Constitutional rights are being violated by federal officials, HARRIS and GARNER, including Denial of Due Process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.  HARRIS and GARNER violated WINDSOR's Constitutional rights, and those rights were so clearly established that a reasonable person would have known they were being violated.

29. The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

## A. WINDSOR HAS BEEN DENIED CONSTITUTIONAL DUE PROCESS RIGHTS

30. Due process requires that the government respect all of the legal rights that are owed to a person according to the law. Procedural due process guarantees protection to everyone so that statutes, regulations, and enforcement actions ensure that no one is deprived of "life, liberty, or property" without a fair opportunity to affect the judgment or result. Judges have shown absolutely no respect for WINDSOR's legal rights. They have ignored the law and the facts. WINDSOR has been denied the most fundamental right to not have his legal rights stolen by dishonest judges.

31. This is not abuse of discretion; they violated the Constitution and laws intentionally. (*Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934; *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); *Palko v. Connecticut*, 302 U.S. 319 (1937).)

32. In Case No. 2018-CA-010270 in THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA ("010270"), the fundamental right to have the courts accept WINDSOR's sworn affidavits as true has been violated. (*Marchant v. Pennsylvania R.R.*, 153 U.S. 380, 386 (1894).)

33. Judges are required to be impartial. Judges have demonstrated pervasive bias against WINDSOR. They haven't shown an ounce of impartiality. (*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980); *Schweiker v. McClure*, 456 U.S. 188, 195 (1982).)

34. In "*Some Kind of Hearing*," Judge Henry Friendly said that an important right of due process is "a decision based exclusively on the evidence presented." Florida judges have not

8

made decisions based upon the evidence presented.

35. Due process is "an established course for judicial proceedings or other governmental activities designed to safeguard the legal rights of the individual." Action denying the process that is "due" is unconstitutional. In 010270, judges have denied the process that is due. (*Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).)

36. Litigants allegedly have the right to protections expressly created in statute and case law precedent. Statutes have been violated and overwhelming case law has been ignored by judges.

37. Litigants have the right to equal protection of the law regardless of race, creed, color, religion, ethnic origin, age, handicaps, or sex. WINDSOR is 75, handicapped, and he has not received equal protection as a pro se party.

38. Litigants have the right to a remedy, by recourse to the laws, for all injuries or wrongs that they may receive in their person, property, or character. WINDSOR has been denied recourse.

39. Litigants have the right to justice, without being obliged to purchase it; completely, and without any denial; promptly, and without undue delay; in conformance with the laws. Florida judges have denied justice and have not conformed with the laws.

40. The principle of due process of law is one of the most important protections against arbitrary rule.

41. An inherent right is the honesty of the judge. Judges in Florida have committed perjury and obstruction of justice; they have violated many canons of the Code of Judicial Procedure as well as rules in the Florida Code of Professional Conduct. Inherent in due process is the expectation that the judge will not violate criminal statutes, but they have.

42. Judges in Florida have violated WINDSOR's rights by using their power to inflict their bias.

43. For due process, WINDSOR has the right to protections expressly created in statute and case law. Due process allegedly ensures that the government will respect all of a person's legal rights and guarantee fundamental fairness and justice. Due process holds the government subservient to the law of the land, protecting individual persons from the state.

44. Due process requires an established course for judicial proceedings designed to safeguard the legal rights of the individual. Action denying the process that is "due" is unconstitutional. Inherent in the expectation of due process is that the judge will abide by the rules. Judges in Florida have violated rules for the purpose of damaging WINDSOR.

45. An inherent Constitutional right is the honesty of the judge. Judges in Florida have not been honest. They have violated the Code of Judicial Conduct.

46. The Constitution guarantees WINDSOR a fair and impartial judge. Florida judges denied WINDSOR's guarantee to inflict their extra-judicial bias.

> Every person "has a constitutional and statutory right to an impartial and fair judge at all stages of the proceeding." (*Liteky v U.S.*, 510 US 540 (1994). (See *Stone v Powell*, 428 US 465, 483 n. 35, 96 S. Ct. 3037; *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971); accord *Concrete Pipe & Prods. V. Constr. Laborers Pension*, 508 U.S. 602, 617 (1993) (citation omitted).)

47. Due process is supposed to guarantee basic fairness and to make people feel that they have been treated fairly.

> "justice must give the appearance of justice" (*Levine v. United States,* 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 13 (1954).) (*Peters v. Kiff*, 407, U.S. 493, 502 (1972).)

48. At a basic level, procedural due process is essentially based on the concept of "fundamental fairness." For example, in 1934, the United States Supreme Court held that due

process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."

49.     Where an individual is facing a (1) deprivation of (2) life, liberty, or property, (3) procedural due process mandates that he or she is entitled to adequate notice, a hearing, and a neutral judge.  Substantive due process refers to the rights granted in the first eight amendments to the Constitution.  Fifth Amendment due process means substantially the same as Fourteenth Amendment due process.

50.     Judges and Federal officers have a Constitutional duty to WINDSOR.  The DEFENDANTS breached their Constitutional duties through action and inaction.

51.     They have violated WINDSOR's civil and Constitutional rights under color of law.

> "[t]rial before an 'unbiased judge' is essential to due process." *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971); accord *Concrete Pipe & Prods. V. Constr. Laborers Pension*, 508 U.S. 602, 617 (1993) (citation omitted). (*Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14 (1954); *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976); *Peters v. Kiff*, 407 U.S. 493, 502 (1972)

52.     The due process clauses of the Constitutions of Florida, South Dakota, and the United States guarantee a party an impartial and disinterested tribunal in civil cases. (*Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613 (1980).)

> Partiality in favor of the government may raise a defendant's due process concerns. (*In re United States of America*, 441 F.3d at 66 (citing *In re Murchison*, 349 U.S. 133 (1955).)

53.     Judges in Florida have effectively denied WINDSOR's rights of equal protection under the law in Article VI of the Constitution.  Their actions prove that they have exercised their power in this and other actions for their own personal purposes rather than the will of the law.

> *Littleton v. Berbling*, 468 F.2d 389, 412 (7th Cir. 1972), citing *Osborn v. Bank of the United States*, 9 Wheat (22 U.S.) 738, 866, 6 L.Ed 204 (1824); *U.S. v. Simpson*, 927 F.2d 1088 (9th Cir. 1990).

11

54.     The orders issued by judges in Florida suggest "the appearance of" animosity towards WINDSOR.

55.     These latest purported orders from JEFF ASHTON deny WINDSOR his fundamental Constitutional right of access to the courts, "unquestionably a right of considerable constitutional significance." (*Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).) **Meaningful access to the courts is a constitutional right**. (*Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc).) [**emphasis added**.]

## B.     AN ORDER WAS NOT ISSUED ON THE CONFERENCE DECISION OF SEPTEMBER 26, 2023.

56.     The Rules of the United States Supreme Court require valid evidence of the October 2, 2023 alleged denial by the Court of the Petition of William M. Windsor in Supreme Court Case #22-7648.  An Order was not issued.  This is a violation of due process.

57.     The letters dated October 2, 2023 and November 3, 2023 are not orders and have no validity. [EXHIBITS D and H.]  The U.S. Supreme Court Rules use the term "Letter" 13 times, and letters such as these are not authorized by the Rules.

58.     No valid evidence of the denials was attached to the letters.

59.     There is no order issued under seal, in violation of 28 U.S.C. 1691 – "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."

> The word "process" at 28 U.S.C. 1691 means a court order.  See *Middleton Paper Co. v. Rock River Paper Co.*, 19 F. 252 (C.C. W.D. Wisconsin 1884); *Taylor v. U.S.*, 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy*, 82 F. 893 (DCUS Delaware 1897); *Leas & McVitty v. Merriman*, 132 F. 510 (C.C. W.D. Virginia 1904); *U.S. v. Sharrock*, 276 F. 30 (DCUS Montana 1921); *In re Simon*, 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe*

12

*Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968); and *Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989).

60.   There has never been an ORDER on WINDSOR's case that was purportedly considered by the nine U.S. Supreme Court Justices on September 26, 2023. https://lawlessamerica.com/motion-for-compliance-with-rules-of-u-s-supreme-court-was-filed-by-bill-windsor/?fbclid=IwAR3ldAVwjfI4p7AZo4ILmjCRpshIx-4yAdr-nYAC_yvgz5jg_lIwN0Rfp8Q

61.   Black's Law Dictionary defines "order" as a "mandate; precept; a command or direction authoritatively given...."

62.   UScourts.gov defines "clerk of court" as "the court officer who oversees administrative functions, especially managing the flow of cases through the court.

63.   USLegal.com defines "Administrative function" as that used in carrying out an administrative program and is to be broadly construed to include any aspect of agency organization, procedure, or management.  In one state, for example, the term "administrative function" is defined as follows:

(1) "Administrative function" means the administration of:

> (i) a law of the State;

> (ii) a law of a political subdivision of the State; or

> (iii) a rule, regulation, or bylaw of a public body.

(2) "Administrative function" does not include:

> (i) an advisory function;

> (ii) a judicial function;

> (iii) a legislative function;

> (iv) a quasi-judicial function; or

> (v) a quasi-legislative function. [emphasis added.]

13

64.     Non-judicial court officers, such as clerks of court, will have specific tasks delegated to them by the court; they can make decisions on matters that the legal system does not consider to require judicial discretion and judgment. These are often described as "ministerial."

65.     Black's Law Dictionary defines "mandate:" "In practice, a judicial command or precept proceeding from a court or judicial officer, directing the proper officer to enforce a judgment, sentence, or decree. *Seaman v. Clarke*, 60 App. Div. 416, 69 N. Y. Supp. 1002; *Horton v. State*, 63 Neb. 34, 88 N. W. 146.

66.     "In the practice of the Supreme Court of the United States, the mandate is a precept or order issued upon the decision of an appeal or writ of error, directing the action to be taken, or disposition to be made of the case, by the inferior court … in some of the state jurisdictions...."

67.     WINDSOR has not received a judicial command.  A letter purportedly written by the Clerk is not an order.

68.     Black's Law Dictionary defines "precept" as "an order or direction, emanating from authority, to an officer or body of officers, commanding him or them to do some act within the scope of their powers."

69.     A letter from the Clerk is not a Precept.

70.     The letter does not direct any proper officer to enforce a judgment, sentence, or decree.

71.     Failing to do what is required by the rules is a violation of due process, and this is a Constitutional violation.

72.     WINDSOR requires an order by the United States Supreme Court with a seal of the court and an actual signature of a Justice.  This Due Process Notice and Service by Clerk of

14

the United States Supreme Court, Scott S. Harris, was to be made on parties in 22-7648 of the valid record of denial of the Petition by the United States Supreme Court, if that actually happened.

## C.    WINDSOR'S CONFERENCE DECISION WAS NOT PUBLISHED, AND IT MUST BE.

73.    United States Supreme Court's Conference Decisions in Appeal No. 22-7648 must be published, and WINDSOR's was not.  This is a violation of due process.

"All conference decisions are published." [https://supremecourthistory.org/how-the-court-works/the-justices-conference/ -- EXHIBIT C, Paragraph 5.]

"When the vote has been taken on a case, the writing of an opinion is assigned—by the Chief if he voted with the majority, otherwise by the senior Justice of the majority." [https://supremecourthistory.org/how-the-court-works/the-justices-conference/ -- EXHIBIT C, Paragraph 6.]

## D.    WINDSOR'S FILINGS WERE NOT DOCKETED AS THEY MUST BE.

74.    WINDSOR'S filing of a Motion for Rehearing [EXHIBIT E] has been unlawfully excluded from the Docket. [EXHIBIT A.]  It was timely filed with the Clerk in paper form – an original and 10 copies.  There was no service by the United States Supreme Court.  This is a violation of due process.

75.    "Filing" is defined as:

"To place a paper in the official custody of the clerk of court to enter into the files or records of a case. [https://www.uscourts.gov/glossary#letter_f]

"the act of giving an official form or document to someone in authority in order to begin a legal process." [Britannica Dictionary definition of FILING.]

"to deposit with the clerk of the court a written complaint or petition which is the opening step in a lawsuit and subsequent documents, including an answer, demurrer, motions, petitions, and orders. [Copyright © 1981 2005 by Gerald N. Hill and Kathleen T. Hill.].

15

76.    United States Supreme Court Rule 29 requires:

"1.  Any document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk in paper form.

"2.  A document is timely filed if it is received by the Clerk in paper form within the time specified for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing; or if it is delivered on or before the last day for filing to a third-party commercial carrier for delivery to the Clerk within 3 calendar days...."

77.    The Clerk of the United States Supreme Court seems to be routinely violating the due process requirements of many litigants.  EXHIBIT R is an article written in 2012 about almost identical corruption by U.S. Supreme Court Clerk Thomas Suter.

78.    Notice and Service was not provided.  WINDSOR demanded that it be executed immediately.

79.    WINDSOR asks that this Motion be docketed pursuant to Due Process and that a valid adjudication of the Motion be noticed and served on the parties.

80.    WINDSOR also requests all court records in the internal case management system of SCOTUS under No. 22-7648, including all audit data.  The audit data is the login name and login time of the individuals who entered any data in the records.

81.    WINDSOR believes these unlawful practices have taken place for at least 13 years.  WINDSOR requests copies of all letters issued, rather than orders, in every case since 01/01/2008.

**E.  ALL ORDERS AND COMMUNICATIONS WITH WINDSOR HAVE NOT BEEN SENT BY EMAIL AS REQUIRED.**

82.     Documents attached as EXHIBITS hereto show that WINDSOR does not receive mail promptly.  The American Association of Non-Lawyers requires that non-lawyers receive all communications by email.  This eliminates one of the many unfair advantages given to lawyers.  This is a violation of due process.

83.     WINDSOR must be served and communicated with at windsorinsouthdakota@yahoo.com.

**F.  WINDSOR WAS NOT ISSUED AN ORDER ON HIS MOTION FOR REHEARING, AND HE MUST BE GIVEN THE PROPER TIME TO RESPOND TO ANY OBJECTION.**

84.     Orders are required.  This is a violation of due process.

85.     United States Supreme Court Rule 44 (2) provides: "Any petition for the rehearing of an order denying a petition for a writ of certiorari or extraordinary writ shall be filed within 25 days after the date of the order of denial...."

86.     There was no "order of denial," so the time has not started to run on rehearing.

**G.  THE CLERKS OF THE UNITED STATES SUPREME COURT, HARRIS AND GARNER, HAVE VIOLATED SUPREME COURT RULE 79 BY NOT KEEPING PROPER RECORDS.**

87.     Records are required.  This is a violation of due process.

88.     Rule 79 requires:

17

"(a) CIVIL DOCKET.

(1) *In General.* The clerk must keep a record known as the "civil docket" in the form and manner prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States. The clerk must enter each civil action in the docket. Actions must be assigned consecutive file numbers, which must be noted in the docket where the first entry of the action is made.

(2) *Items to be Entered.* The following items must be marked with the file number and entered chronologically in the docket:

(A) papers filed with the clerk;

(B) process issued, and proofs of service or other returns showing execution; and

(C) appearances, orders, verdicts, and judgments.

(3) *Contents of Entries; Jury Trial Demanded.* Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word 'jury' in the docket."

89.     HARRIS and GARNER have violated WINDSOR's civil rights by failing to comply with this Rule.

## CLAIM FOR RELIEF #2 -- CONSPIRACY

90.     The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

91.     The DEFENDANTS, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan. The mutual understanding was to break the law at some time in the future and/or to achieve a lawful aim by unlawful means. The DEFENDANTS willfully became members of such conspiracy. During the existence of the conspiracy, various DEFENDANTS knowingly committed at least one overt act in an effort to carry out or accomplish some object of the conspiracy. The conspiracy was designed to deprive the PLAINTIFF of legal rights and deceive the courts to obtain an illegal objective. Each of the

DEFENDANTS is responsible as a joint tortfeasor for all damages ensuing from the wrongs. DEFENDANTS reached agreement to commit these overt acts. They committed to support their efforts with a series of lies, to conceal documents, to falsify documents, to lie, and to undertake a variety of actions designed to damage the PLAINTIFF. At least one of the DEFENDANTS knowingly committed at least two of the overt acts. *Respondeat superior* (principal is liable for agents' misconduct). The PLAINTIFF was damaged as a result.

## CLAIM FOR RELIEF #3 -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.     The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

93.     The DEFENDANTS have shown extreme and outrageous conduct. The PLAINTIFF has been under extreme emotional distress for 15 months.

94.     DEFENDANTS intentionally inflicted emotional distress on the PLAINTIFF through defamation, fraud, conspiracy, and violation of civil and Constitutional rights.

95.     DEFENDANTS inflicted emotional distress on the PLAINTIFF. DEFENDANTS acted intentionally or recklessly.

96.     Some of the damaging words about the PLAINTIFF and actions against the Plaintiff are not defamatory, and it is these words and actions for which the PLAINTIFF seeks recovery for intentional infliction of emotional distress.

97.     Conduct of DEFENDANTS was extreme and outrageous. These outrageously false and/or criminal claims and the wide variety of things that DEFENDANTS have done would prompt an average member of the community to exclaim "outrageous!"

98.    The activities of DEFENDANTS have been so extreme that it has gone well beyond all possible bounds of decency, and it must be regarded as atrocious and utterly intolerable in a civilized society. All of the acts of DEFENDANTS taken together amount to the type of extreme conduct that qualifies as intentional infliction of emotional distress.

99.    The conduct of Defendants caused the distress.

100.    The distress caused was severe emotional distress to the PLAINTIFF. The outrageous harassment, lies, libel, slander, and defamation are bad alone, but the effect on the PLAINTIFF's mental health has been severe.

101.    There are no alternative causes of action that would provide a remedy for the severe emotional distress caused by DEFENDANTS' conduct that does not meet whatever standard the Court decides is appropriate for defamation.

## CLAIM FOR RELIEF #4 -- 18 U.S.C. § 1962(C) - VIOLATION OF FEDERAL CIVIL RICO ACT

102.    The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

103.    The conduct of DEFENDANTS violates the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("Federal RICO").

104.    DEFENDANTS, individually and in conspiracy with one another, are all RICO persons who violated RICO by engaging in (1) "racketeering activity," (2) conducted through a "pattern," (3) affecting an "enterprise," (4) impacting interstate commerce. DEFENDANTS also violated 18 USC §1962(d) by conspiring as alleged herein to violate 18 USC §1962(c). All of DEFENDANTS' predicate acts have a similar purpose - to damage the PLAINTIFF - all have

20

similar victims, the PLAINTIFF, all have had similar results, and the methods of commission have been virtually identical.

105.    Racketeering Activity included violations of section 1503 (relating to obstruction of justice), and other sections.

106.    A number of crimes were committed by DEFENDANTS.  Interstate crimes of wire fraud, obstruction of justice, and criminal conspiracy were committed between the District of Columbia, South Dakota, and Florida.

107.    DEFENDANTS knowingly devised or participated in a scheme to defraud the PLAINTIFF and did so willingly with an intent to defraud. The activity engaged in consists of two or more predicate acts of racketeering activity, the most recent of which occurred within hours after the commission of a prior act.

108.    The DEFENDANTS committed violations of Federal RICO and RICO Conspiracy – 18 U.S.C. § 1961 et seq. *Respondeat superior* (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).  In addition to the substantive offenses listed in 18 U.S.C. § 1961, a criminal conspiracy to commit these offenses is a RICO predicate act.

## CLAIM FOR RELIEF #5 -- VIOLATION OF FEDERAL RICO CONSPIRACY OFFENSE -- 18 USC § 1962(d)

109.    The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

110.    The DEFENDANTS, in some way or manner, came to mutual understandings to try to accomplish a common and unlawful plan as described herein. The mutual understanding was to break the law.  The DEFENDANTS willfully became members of such conspiracy.

21

111. During the existence of the conspiracy, various DEFENDANTS knowingly violated the Federal RICO Act. These violations were knowingly committed in an effort to carry out or accomplish some object of the conspiracy.

112. The conspiracy was designed to deprive the PLAINTIFF of Constitutional rights and legal rights and to deceive the courts to obtain an illegal objective. Each of the DEFENDANTS is responsible as a joint tortfeasor for all damages ensuing from the wrongs. *Respondeat superior* (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise). The predicate acts are identified herein, and those paragraphs are incorporated herein by reference as if set forth in full.

## CLAIM FOR RELIEF #6 -- VIOLATION OF DUE PROCESS AND DEPRIVATION OF RIGHTS -- 42 U.S.C. § 1985(2)

113. The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

114. HARRIS, GARNER, and UNIDENTIFIED DOES conspired for the purpose of impeding, hindering, obstructing, and/or defeating, in any manner, the due course of justice with intent to deny PLAINTIFF due process and to injure him while attempting to enforce his right to self-representation, and this violated the equal protection of the laws.. HARRIS, GARNER, and UNIDENTIFIED DOES have violated 42 U.S.C. § 1985(2). The PLAINTIFF was damaged as a result.

## CLAIM FOR RELIEF #5 -- VIOLATION OF CONSTITUTIONAL RIGHTS

115. The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

116.    DEFENDANTS had a Constitutional duty to the PLAINTIFF.  They breached their Constitutional duties to the PLAINTIFF through action and inaction.  This caused damage to the PLAINTIFF.

117.    The PLAINTIFF brings this action against HARRIS and GARNER, pursuant in part to 28 U.S. C. § 1331, in claims arising from violations of federal constitutional rights guaranteed in the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution and redressable pursuant to *Bivens v. Six Unknown Narcotics Agents* 403 U.S. 388 (1971).  HARRIS and GARNER subjected the PLAINTIFF to deprivation of rights, privileges, or immunities secured by the Constitution and laws.

118.    HARRIS and GARNER's actions are non-judicial, and there is no immunity.  The PLAINTIFF has been damaged.  The PLAINTIFF prays for monetary damages against HARRIS and GARNER based upon violations of federal Constitutional rights pursuant to *Bivens*.

## CLAIM FOR RELIEF #6 -- FRAUD

119.    The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

120.    DEFENDANTS intentionally misstated material facts, omitted material facts, and made false representations.  DEFENDANTS knew they made false statements or omitted material facts, or they had a reckless disregard for the truth.  The PLAINTIFF and the courts relied upon the intentional misstatements and/or omission of material facts.  DEFENDANTS committed fraud.  The PLAINTIFF was damaged as a result. *Respondeat superior* (principal is liable for agents' misconduct).

## CLAIM FOR RELIEF #7 -- COMMON LAW FRAUD

121.    The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

122.    DEFENDANTS misrepresented material facts. These DEFENDANTS had knowledge of the falsity. Their intent was that the representations would be acted upon by people ignorant of the falsity, relied on the truth of the representations, and had a right to rely upon it.

123.    *Respondeat superior* (principal is liable for agents' misconduct). The PLAINTIFF was damaged as a result.

## CLAIM FOR RELIEF #8 -- VIOLATION OF PRO SE RIGHTS

124.    The allegations in the paragraphs above are incorporated herein by reference as if set forth in full.

125.    Pro se parties are a minority class of people. The PLAINTIFF objects to the treatment of pro se parties in state and federal courts. The PLAINTIFF, Pro Se, has been repeatedly denied rights and abused. Judges and judicial officers have violated the Constitutional rights of the PLAINTIFF and other pro se parties.

## CLAIM FOR RELIEF #9 -- CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, 1988 -- VIOLATION OF FIRST, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS

126.    The PLAINTIFF incorporates all other paragraphs of this COMPLAINT for purposes of this claim.

24

127.    The PLAINTIFF was denied due process and his rights were violated when filings were not filed or considered.

128.    The PLAINTIFF was denied access to a court to seek redress of grievances.

129.    DEFENDANTS directly participated in the infraction, after learning of it, failed to remedy the wrong, and created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue.

130.    As a direct result of the actions, statements and / or policies of the DEFENDANTS, the PLAINTIFF suffered an unconstitutional deprivation of his rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

131.    DEFENDANTS acted intentionally and with callous disregard for the PLAINTIFF's known statutory and Constitutional rights.

132.    As a direct and proximate result of DEFENDANTS' unlawful actions, the PLAINTIFF has suffered, and will continue to suffer, severe and substantial damages. These damages include lost income, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress.

## CLAIM FOR RELIEF #10 -- VIOLATION OF FOURTH AMENDMENT FAILURE TO TRAIN AND SUPERVISE -- 42 U.S.C. § 1983

133.    The PLAINTIFF incorporates all other paragraphs of this COMPLAINT for purposes of this claim.

134.    The DEFENDANTS' immediate supervisors, had a duty to train and supervise them to ensure they were not engaging in conduct that violated the civil rights of citizens like the PLAINTIFF.

135.    Instead of carrying out this duty, DEFENDANTS chose to encourage the misconduct of needless escalation and aggression witnessed by the DEFENDANTS against the PLAINTIFF in this case.

136.    DEFENDANTS' use of excessive force and their illegal seizure and assault upon the PLAINTIFF was the direct result of their supervisor's deliberate indifference to the civil rights of citizens and of disabled citizens in particular, and his repeated failure and refusal to intervene to supervise, train, or otherwise put a stop to such misconduct.

137.    All of the acts described herein were done by DEFENDANTS intentionally, knowingly, willfully, wantonly, maliciously, and recklessly in disregard for the PLAINTIFF's federally protected rights, and they were done pursuant to the pre-existing and ongoing deliberately indifferent customs, policies and practices of the Clerk of Court, under color of law.

138.    Upon information and belief, the Clerk of Court's customs and practices of unlawful conduct (and failures to train/supervise to prevent the same) proximately causing the harms described herein to the PLAINTIFF.

139.    Upon information and belief, it is the custom and practice at the Clerk of Court's Office of the United States Supreme Court to regularly violate the civil rights of citizens like the PLAINTIFF and intentionally, knowingly, willfully, wantonly, maliciously, and recklessly operate in disregard for the PLAINTIFF's federally protected rights;

140.    Upon information and belief, it is the custom and practice at the Clerk of Court's Office to try and cover-up and justify such wrongdoing.

26

141.    Upon information and belief, it is the custom and practice by the Clerk of Court to refuse to discipline its employees for misconduct and to refuse to ever find its employees have engaged in wrongdoing, in the face of obvious and repeated constitutional violations, which resulted in a foreseeable culture of dishonesty and silence in the face of ongoing and repeated civil rights violations.

142.    The unlawful conduct of DEFENDANTS as set forth in detail herein, amounts to a custom and well-settled, widespread overall practice of fraud and corruption deliberately insulated from law enforcement accountability, throughout the DEFENDANTS, even if not authorized by written law or express municipal policy, and is so permanent and well-settled as to constitute a custom or usage with the force of law.

143.    Through the DEFENDANTS' continuous ratification of unconstitutional actions and inactions, DEFENDANTS have condoned and become the driving force of the DEFENDANTS' unconstitutional conduct.

144.    DEFENDANTS failed to properly train and supervise its employees to avoid their foreseeable use of unconstitutional conduct.

145.    DEFENDANTS' policies, customs, and practices in failing to properly train and supervise its employees were the moving force and proximate cause of the violations to the PLAINTIFF's constitutional rights.

146.    The custom, policy, and practice of DEFENDANTS of encouraging, condoning, tolerating, and ratifying the unconstitutional conduct, as described herein, were the moving force behind and the proximate cause of, the violations to the PLAINTIFF's Constitutional rights.

147.    Upon information and belief, DEFENDANTS have been deliberately obfuscatory and in other litigation involving claims against its officers, has made concerted efforts to

27

withhold, destroy, conceal and delay the release of documents and correspondence that relate to the unconstitutional policies, customs, and practices set forth above, and which also evidence DEFENDANTS' unconstitutional practices, customs, failures to train, and supervise DEFENDANT officers as set forth above.

148.    The acts or omissions of DEFENDANTS caused the PLAINTIFF to suffer physical and mental pain, among other injuries, damages, and losses.

149.    The actions and omissions of DEFENDANTS as described herein deprived the PLAINTIFF of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and caused his other damages.

## CLAIM FOR RELIEF #11 -- CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, 1988 -- VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT RIGHTS

150.    The PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

151.    The PLAINTIFF was denied due process and his rights were violated when DEFENDANTS gave false information to WINDSOR and judges.

152.    DEFENDANTS acted intentionally and with callous disregard for the PLAINTIFF's known statutory and Constitutional rights.

153.    As a direct and proximate result of DEFENDANTS' unlawful actions, the PLAINTIFF has suffered, and will continue to suffer, severe and substantial damages. These damages include lost income, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress.

## CLAIM FOR RELIEF #12 -- *MONELL* CLAIM

154. The PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

155. At all relevant times herein, the Clerk of Court's Office developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the PLAINTIFF's Constitutional rights which caused the violation of such rights.

156. DEFENDANTS ' unlawful actions were done willfully, knowingly, and with the specific intent to deprive the PLAINTIFF of his Constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

157. The Constitutional abuses and violations of the Clerk of Court's Office, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by DEFENDANTS, including the failure: (a) to adequately supervise and train its officers and agents, including the DEFENDANTS, thereby failing to adequately discourage further Constitutional violations on the part of its Clerk of Court's Office, and their employees; (b) to properly and adequately monitor and discipline its employees, including DEFENDANTS; and (c) to adequately and properly investigate citizen complaints of misconduct, and, instead, acts of misconduct were tolerated.

158. Upon information and belief, DEFENDANTS acting through its Clerk of Court's Office, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting law enforcement and judicial misconduct.

159. DEFENDANTS' unlawful actions were done willfully, knowingly, and with the specific intent to deprive the PLAINTIFF of his Constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

160. The PLAINTIFF has no adequate remedy at law and will suffer serious and irreparable harm to his Constitutional rights unless DEFENDANTS are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such Constitutional abuses.

161. DEFENDANTS acted intentionally and with callous disregard for the PLAINTIFF's known statutory and Constitutional rights.

162. As a direct and proximate result of DEFENDANTS' unlawful actions, the PLAINTIFF has suffered, and will continue to suffer severe and substantial damages. These damages include lost income, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress.

## CLAIM FOR RELIEF #13 -- CIVIL CONSPIRACY

163. The PLAINTIFF hereby incorporates all other paragraphs of this COMPLAINT as if fully set forth herein.

164. DEFENDANTS conspired to damage the PLAINTIFF.

165. DEFENDANTS formed and operated the conspiracy. The object to be accomplished was to defame, libel, slander, harass, cyberstalk, invade his privacy, falsely charge the PLAINTIFF with felonies, cause emotional distress, invade his privacy, and damage him. Evidence shows that DEFENDANTS had a meeting of the minds and actively worked together toward this objective.

166.    Multiple unlawful, overt acts were committed. There was specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The conspiracy occurred in the District of Columbia. The act in, and effect on, the District of Columbia was a direct and foreseeable result of the conduct in furtherance of the conspiracy.

167.    There are underlying torts that support the conspiracy cause of action.

168.    Damage resulted to the PLAINTIFF from acts done in furtherance of the common design. The PLAINTIFF has been caused pain and suffering, emotional distress, lost enjoyment of life, loss of his marriage, damage to his relationship with his family, severe damage to his reputation, damage to his career, and more. The PLAINTIFF's business relationships have been severely damaged.

169.    The PLAINTIFF's reputation is now sullied by false, defamatory information online. This defamation likely can never be erased because it is breeding in cyberspace.

170.    There was extreme risk by DEFENDANTS as there was not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the PLAINTIFF.

171.    Actual awareness existed because DEFENDANTS knew about the peril, but their acts demonstrated they did not care.

172.    Some DEFENDANTS aided and abetted the conspiracy and underlying torts.


## CLAIM FOR RELIEF #14 --- EXEMPLARY AND PUNITIVE DAMAGES

173.    The PLAINTIFF hereby incorporates all other paragraphs of this COMPLAINT as if fully set forth herein.

174.    DEFENDANTS acted intentionally to damage the PLAINTIFF.

31

175.   DEFENDANTS committed fraud, malice, and gross negligence. This isn't the case of someone slipping up and making one false statement. The actions of DEFENDANTS were deliberate.

176.   Conduct of DEFENDANTS, as described above, is willful, wanton, wicked, intentional, and malicious resulting from fraud, insult, and malice, and it is associated with aggravating circumstances, including willfulness, wantonness, malice, oppression, outrageous conduct, insult, and fraud, thus warranting the PLAINTIFF's recovery of punitive damages from each of the DEFENDANTS.

177.   The entire want of care by the DEFENDANTS shows that the acts complained of were the result of conscious indifference to the rights or welfare of the PLAINTIFF.

178.   The PLAINTIFF should receive an award of punitive/exemplary damages. Exemplary damages serve to provide the claimant with recovery above and beyond compensatory damages in order to punish the wrongdoers for egregious conduct and to deter the wrongdoers and others from similar conduct in the future.

179.   Since the PLAINTIFF's damages can never be erased in this case; there is no amount of money that could compensate the PLAINTIFF for the loss of life as he knew it; there is no amount of money to compensate a decent, honest, law-abiding citizen for the destruction of his reputation.

## CLAIM FOR RELIEF #15 -- INJUNCTIVE RELIEF

180.   If not enjoined by this Court, DEFENDANTS and their agents, representatives, and employees will continue to implement similar policies and practices that deny citizens their Constitutional rights without due process, violate their right to equal protection of the laws, and

deprive people of the privileges or immunities of citizenship. This course of conduct will cause citizens to suffer irreparable injury, including but not limited to, loss of business opportunities and the deprivation of their livelihoods. Citizens have no plain, speedy, and adequate remedy at law for such an injury. Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

## CLAIM FOR RELIEF #16 -- RICO RELIEF

181. The PLAINTIFF asks that this Court liberally construe the RICO laws and thereby find that all DEFENDANTS, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. § 1962(c); that all DEFENDANTS be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s); that judgment be entered for the PLAINTIFF and against all DEFENDANTS for the PLAINTIFF's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c); that all DEFENDANTS pay to the PLAINTIFF treble (triple) damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to the best available proof; that all DEFENDANTS pay to the PLAINTIFF all damages sustained by the PLAINTIFF in consequence of DEFENDANTS' several violations of 18 U.S.C. § 1962(c); that all DEFENDANTS pay to the PLAINTIFF his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees; that all damages caused by all DEFENDANTS, and all gains, profits, and advantages

33

derived by all DEFENDANTS, from their several acts of racketeering in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust for the benefit of the PLAINTIFF, his heirs and assigns; that the PLAINTIFF has such other and further relief as this Court deems just and proper, under the circumstances of this action; that DEFENDANTS have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d); that DEFENDANTS have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d); that all DEFENDANTS be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. § 1962(d) and from all other violation(s) of applicable State and federal law(s); that judgment be entered for the PLAINTIFF and against all DEFENDANTS for the PLAINTIFF's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(d); that all DEFENDANTS pay to the PLAINTIFF treble damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(d); that all DEFENDANTS pay to the PLAINTIFF all damages sustained by the PLAINTIFF in consequence of DEFENDANTS' several violations of 18 U.S.C. § 1962(d); that all Defendants pay to the PLAINTIFF his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees; and that all damages caused by all DEFENDANTS, and all gains, profits, and advantages derived by all DEFENDANTS, from their several acts of racketeering in violation of 18 U.S.C. § 1962(d) and from all other violation(s) of

34

applicable State and federal law(s), be deemed to be held in constructive trust for the benefit of the PLAINTIFF, his heirs and assigns.

## CLAIM FOR RELIEF #17 -- VIOLATIONS OF TITLE II OF AMERICANS WITH DISABILITIES ACT -- 42 U.S.C. § 12101-12213

182.    All preceding paragraphs of this COMPLAINT are incorporated here for purposes of this Claim.

183.    Title II of the ADA prohibits public entities from discrimination on the basis of a disability.

184.    The DEFENDANTS failed to provide modifications or reasonable accommodations to the PLAINTIFF in light of his disabilities, and the Clerk of Court HARRIS failed to adopt policies and procedures, or adequately train his staff to safely interact with people who suffer such disabilities.

185.    Some reasonable accommodations for a litigant functioning alone with Cognitive Decline and use of only one hand while traveling a thousand miles from home is to allow recording, provide all communications in writing; and communicate by email for the fastest possible delivery.

186.    Unlawful discrimination, pursuant to DOJ regulation, includes a failure to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. 35.130(b)(7).

187.    As a proximate result of actions of the DEFENDANTS, the PLAINTIFF was injured, suffered physically and emotionally, has been unable to comply with requests of the Clerk of Court, and continues to experience fear, trauma, and anxiety.

188.    As a result of the DEFENDANTS' violations of Title II of the ADA, the

PLAINTIFF is entitled to compensatory damages.

## IV.   INJURIES

---

## V.   RELIEF

### PRAYER FOR RELIEF

WHEREFORE, WINDSOR respectfully requests that this Court enter judgment in his

favor and against the DEFENDANTS:

a.   that this COMPLAINT be granted;

2.   Appropriate declaratory and injunctive relief regarding the unlawful and unconstitutional acts and practices of the DEFENDANTS;

3.   Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of liberty, privacy, sense of security and individual dignity, and other pain and suffering on all claims allowed by law;

4.   Appropriate equitable relief against all DEFENDANTS as allowed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect the PLAINTIFF or others;

5.   All economic losses and damages on all claims allowed by law to be established at trial;

6.   Punitive damages on all claims allowed by law and in an amount to be determined at trial;

7.   that an order be issued confirming if there was a Conference of the nine justices in Case No. 22-7648;

8.   that an order be issued reflecting the Due Process Notice and Service by Clerk of the Court, Scott S. HARRIS, on parties in Case No. 22-7648 of the valid record of the decision of the Petition by the Court;

36

9. that the Opinion of the Court in Case No. 22-7648 be provided;

10. that the vote of each Justice be indicated in Case No. 22-7648;

11. that the Motion for Rehearing be docketed pursuant to Due Process;

12. that an order be issued that WINDSOR must be served and communicated with at windsorinsouthdakota@yahoo.com;

13. that this Motion be granted – MOTION TO REQUIRE CONFIRMATION OF A CONFERENCE OF THE NINE JUSTICES IN CASE NO. 22-7648 AND ISSUANCE OF AN ORDER SO CONFIRMING; ORDER REFLECTING THE VALID RECORD OF THE DECISION OF THE PETITION BY THE COURT IN CASE NO. 22 7648, THE DUE PROCESS NOTICE, AND SERVICE BY CLERK OF THE COURT, SCOTT S. HARRIS, OF OPINION IN CASE NO. 22-7648 ON EACH PARTY; RECORD OF VOTES BY EACH JUSTICE IN CASE NO. 22-7648; ORDER THAT THE MOTION FOR REHEARING BE DOCKETED PURSUANT TO DUE PROCESS; THAT THIS MOTION DATED NOVEMBER 27, 2023 BE DOCKETED PURSUANT TO DUE PROCESS; THAT WINDSOR BE PROVIDED COPIES OF ALL COURT RECORDS IN THE INTERNAL CASE MANAGEMENT SYSTEM OF SCOTUS UNDER CASE NO. 22-7648 AT NO CHARGE, INCLUDING ALL AUDIT DATA; AND IF CASE NO. 22-7648 WAS NOT HEARD IN CONFERENCE, THAT THIS COURT FILE CRIMINAL CHARGES AGAINST SCOTT S. HARRIS be docketed pursuant to Due Process; that Windsor be provided copies of all court records in the internal case management system of SCOTUS under Case No. 22-7648, at no charge, including all audit data; that WINDSOR be provided copies of letters and orders issued in every case considered in Conference since 02/01/2008; that if Case No. 22-7648 was not heard in Conference, that this Court file criminal charges against Scott S. HARRIS;

14. Issuance of an Order mandating appropriate equitable relief, including, but not limited to: (1) The imposition of policy changes designed to avoid future similar misconduct by DEFENDANTS; (2) Mandatory training designed to prevent future similar misconduct by DEFENDANTS;

15. Pre- and post-judgment interest at the lawful rate; and

16. Any further relief to which PLAINTIFF may show himself justly entitled.

Submitted this 26th day of December 2023,

_William Michael Windsor_

37

**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## VERIFICATION

In accordance with 28 U.S.C.§1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

**FURTHER SAITH AFFIANT NOT.**

This 26th day of December 2023,



**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this COMPLAINT has been prepared in Times New Roman 12-point font, one of the font and point selections approved by this Court and meets the requirements of this Court.

This 26th day of December 2023,



**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com


## DISCLOSURE STATEMENT

WINDSOR is a private individual.  He is not a nongovernmental corporation so a

corporate disclosure statement is not appropriate or required by Rule 7.1.

This 26th day of December 2023,

**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## CERTIFICATE OF SERVICE

I, William Michael Windsor, do swear that on this date, December 26, 2023, I have served the enclosed COMPLAINT on the DEFENDANTS in the above proceeding or their counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

Name: Scott S. Harris
Address: Supreme Court of the United States
Office of the Clerk
Washington, DC 20543-0001
Telephone: 202-479-3025
Email: pio@supremecourt.gov


Name: Rashonda Garner
Address: Supreme Court of the United States
Office of the Clerk
Washington, DC 20543-0001
Telephone: 202-479-3025
Email: PMcCabe@supremecourt.gov

This 26th day of December 2023,



**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

40

## REQUEST FOR TRIAL BY JURY

THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This 26th day of December 2023,

**WILLIAM MICHAEL WINDSOR,**
**Self-Represented Litigant, Pro Se**
**Member of the American Association of**
**Non-Lawyers**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

41