UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MICHAEL WINDSOR, )<br>)<br>Plaintiff, )<br>)<br>v.                      )<br>)<br>SCOTT S. HARRIS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  1:23-cv-03929 (UNA) |

## MEMORANDUM OPINION

This matter is before this court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and, for the reasons explained below, it dismisses this case.

Plaintiff, a resident of Sioux Falls, South Dakota, sues Scott Harris, Clerk of the United States Supreme Court, and Rashonda Garner, a Supreme Court case analyst, for equitable relief and damages. He alleges that his constitutional rights have been violated due to defendants' denial of his motions and petitions, findings of untimeliness relating thereto, the form of their letters, the lack of response to his inquiries, and ultimately, his lack of success in pursuing an action for mandamus before the Supreme Court.

First, a court is immune from damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions

taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Here, plaintiff does not sue Supreme Court Justices, but instead sues Supreme Court staff. Nonetheless, the same principles of immunity apply. Court staff, just like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram,* 986 F.2d at 1460; *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.' ") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted).

Second, this court cannot grant plaintiff the equitable relief that he seeks because it lacks subject matter jurisdiction to wage demands or review the determinations of other federal courts, and most certainly, of the Supreme Court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise

appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Simply put, the court "can quickly dispatch with this request for [injunctive relief][;] although judicial immunity does not apply to requests for injunctive relief . . . the [c]ourt plainly lacks jurisdiction to compel official action by the U.S. Supreme Court justices or their staff." *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (dismissing action against Supreme Court Justices and staff for want of jurisdiction, where plaintiff alleged that he was wronged by the court's failure to grant certiorari and sought to "compel official action" by and through injunctive and declaratory relief) (citation omitted); *see Fuller v. Harris*, 258 F. Supp. 3d 204, 207 (D.D.C. 2017) (dismissing action to compel the Supreme Court and its clerks, by way of declaratory judgment, to file plaintiff's petition for writ of certiorari, based on the court's lack of jurisdiction to compel officials of higher court to take action) (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Thompson*, 43 U.S. 244, 257 (1844)).

Indeed, the District of Columbia Circuit has consistently "held that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.' " *Reddy*, 520 F. Supp. 2d at 132 (quoting *In re Marin*, 956 at 340). "This holding applies no less to the deputy clerk and the law clerks, based on the same principle of the Supreme Court's exclusive supervisory responsibility over its staff." *Id.* (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Higgins*, No. 99–1576, 1999 WL 1029177, at *1 (D.D.C. June 18, 1999), *aff'd sub nom.*, *Griffin v. Apfel*, 203 F.3d 52, 1999 WL 963101 (D.C. Cir. 1999)). And "[e]ven less needs to be said to explain that a lower

federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action." *Reddy*, 520 F. Supp. 2d at 132–33; *Steele v. Supreme Court of U.S.*, 255 Fed. Appx. 534, 534–35 (per curiam) (finding same and affirming trial court's dismissal with prejudice of an action filed against the United States Supreme Court and its Clerk and staff); *In re Lewis*, No. 99–5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same).

As such, the complaint is dismissed on the basis of immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot. An order consistent with this memorandum opinion is issued separately.

Date:   April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge